# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLSTATE INSURANCE COMPANY,** | : | 3:14cv1992 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| JOSH MOYER, DEREK BADE, ROBERTO | : | |
| PICONE i/t/a LA DOLCE CASA, CESARE | : | |
| PICONE i/t/a LA DOLCE CASA, MATTHEW | : | |
| W. JONES i/t/a LA DOLCE CASA, ALFONSO | : | |
| PICONE i/t/a LA DOLCE CASA, | : | |
| SALVATORE PICONE i/t/a LA DOLCE CASA, | : | |
| MARIA PICONE i/t/a LA DOLCE CASA, | : | |
| JOESPHINE PICONE i/t/a LA DOLCE CASA, | : | |
| ELEANOR PICONE i/t/a LA DOLCE CASA, | : | |
| ALFONSO DIFIORE i/t/a LA DOLCE CASA, | : | |
| PATRIZIA DIFIORE i/t/a LA DOLCE CASA, | : | |
| and DIMAGGIO'S PIZZA, INC. c/o CESARE | : | |
| PICCONE, | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court is the Plaintiff Allstate Insurance Company's (hereinafter "plaintiff" or "Allstate") declaratory judgment complaint. Plaintiff seeks a declaration that Allstate is not required to indemnify Defendant Josh Moyer under a renters insurance policy issued to him in relation to a lawsuit that has been filed in the Court of Common Pleas of Schuylkill County, Pennsylvania. After a review of this matter, we will decline to exercise jurisdiction and dismiss the case *sua sponte*.

**Background**

This case arises out of a dispute over whether plaintiff is obliged to

provide coverage pursuant to a renters insurance policy that it issued to Defendant Josh Moyer.  An automobile accident occurred on January 22, 2008, in Tamaqua Borough, Schuylkill County, Pennsylvania.  At the time of the accident, Chanita Guerrero drove a vehicle which struck Derek Bade, a pedestrian, causing Bade to suffer head trauma and necessitating the amputation of his leg, among other injuries.  (Doc. 1, Compl. ¶ 23; Ex. A at 43).  Guerrero pled guilty to multiple crimes, including aggravated assault by vehicle while driving under the influence of alcohol while a minor.  (Compl. ¶ 24).

Derek Bade brought suit in the Schuylkill County Court of Common Pleas alleging that Josh Moyer and the other defendants owned and operated a restaurant called La Dolce Casa in Tamaqua, Pennsylvania, where Guerrero consumed alcohol before causing the accident that injured Bade.  (Id. ¶¶ 25-28).  The complaint further alleges that Moyer consumed alcohol with Guerrero at the restaurant and at another location. (Id.)

Allstate has agreed to defend and indemnify Moyer under the terms of an automobile policy issued to him under a reservation of rights, but seeks a declaration from this court that it has no obligation to indemnify

Moyer under the terms of the <u>renters</u> policy issued to him.  (<u>Id.</u> ¶ 3).

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  Allstate is incorporated under the laws of the State of Illinois with its principal place of business in Illinois.  (<u>Id.</u> ¶ 5).  The defendants are citizens of Pennsylvania.  (<u>Id.</u> ¶¶ 6-18).  Additionally, the amount in controversy exceeds $75,000.  (<u>Id.</u> ¶ 19).  Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over this case.  <u>See</u> 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states [.]")

**Discussion**

Generally, in diversity cases, we apply the law of Pennsylvania. <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 158 (3d Cir. 2000) (citing <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64, 78 (1938)).  However, "federal courts are to apply state substantive law and federal procedural law."  <u>Hanna v. Plumer</u>, 380 U.S. 460, 465 (1965).  The instant case is before the court in

3

the form of a declaratory judgment action, and federal courts have concluded that declaratory judgment actions are procedural rather than substantive.  See Fischer & Porter Co. v. Moorco Int'l Inc., 869 F. Supp. 323, 326 (E.D. Pa. 1994) (holding that "[c]ase law indicates that the [Declaratory Judgment] Act is procedural in nature, and therefore federal law, not state law, governs whether claims may be heard under it."); Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1386 (10th Cir. 1978) (holding that the [Declaratory Judgment] Act involves procedural remedies and not substantive rights. . . .  The Act does not create substantive rights for parties; it merely provides another procedure whereby parties may obtain judicial relief.").  As a result, the court here would apply substantive Pennsylvania law in interpreting the insurance contract, but the procedural strictures of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.  See Fischer & Porter, 869 F. Supp. at 326.

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, **may** declare the rights and other legal relations of any interested party seeking such declaration."  28

U.S.C. § 2201(a) (emphasis added); see also Reifer v. Westport Ins. Corp., 751 F.3d 129 (3d Cir. 2014).  The United States Supreme Court has explained that "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."  Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).  The Supreme Court has emphasized that district courts are under no compulsion to exercise this discretionary jurisdiction.  Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95 (1942).  "Rather than being subject to the 'normal principle that federal courts should adjudicate claims within their jurisdiction,' district courts exercising DJA discretion are governed by 'considerations of practicality and wise judicial administration.'"  Reifer at 139 (quoting Wilton at 288).

   A court's decision to exercise its discretion to hear an action under the Declaratory Judgment Act "requires some inquiry into the scope of the state court proceeding, the nature of defenses available there, and whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding."  Sate Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2001).  Further, "[a] federal court should also decline to

exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 135. These considerations are especially important because "district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it." Id.  A court may *sua sponte* exercise its discretion not to hear a declaratory judgment action.  See id. at 136.

"Due to the high volume of declaratory judgment actions filed by insurance companies and their insureds, the Third Circuit has warned that '[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum.'" Nationwide Agribusiness Ins. Co. v. Sheriff, 2015 WL 365679, *1 (M.D.Pa. 2015) (quoting State Auto Ins. Cos. v. Summy, 234 F.3d 131, 136 (3d Cir. 2000)).  To this end, the Third Circuit enumerated the following eight factors to guide district court in exercising its discretion with respect to decalratory judgment actions:

> 1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> 2) the convenience of the parties;
> 3) the public interest in settlement of the uncertainty of obligation;

6

> 4) the availability and relative convenience of other remedies;
> 5) a general policy of restraint when the same issues are pending in state court;
> 6) avoidance of duplicative litigation;
> 7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata;
> 8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

Reifer, 751 F.3d at 146.  We examine these factors in turn.

The court first addresses whether a federal court declaration will resolve the uncertainty of obligation that gave rise to the controversy.  In the instant matter, any declaration by this court or the state court will resolve the uncertainty of the obligation which gave rise to the controversy.  The risk of this court making findings of fact that conflict with the eventual findings of the state court adds to the uncertainty of the matter, however, and militates against the exercise of federal jurisdiction.  As for the convenience of the parties, it is obviously easier for all parties to litigate one case in one court, as opposed to separate proceedings in two different courts.

Furthermore, the level of public interest in settlement of the uncertainty of the obligation weighs in favor of dismissal.  This case

involves the specific facts related to an insurance contract between Allstate and Moyer, and, while the public has great interest in the law governing such contracts in general, no pressing public interest in this particular dispute exists.

The availability and relative convenience of other remedies likewise weigh in favor of dismissal. Specifically, Allstate can intervene in the state court proceeding, or, if Allstate refuses to defend Moyer, he can file a third party complaint. Moreover, the goals of avoiding duplicative litigation and furthering a general policy of restraint when the same issues are pending in state court are furthered by dismissal. Here, the underlying state case will involve the same issues of fact, so that allowing this case to continue in this court will result in duplicative litigation. Finally, <u>Reifer</u> urges us to prevent a suit of this type from being wielded as a procedural weapon, particularly where an insurer's inherent conflict of interest exists, as it does here.

In short, the <u>Reifer</u> factors weigh in favor of declining to hear the instant matter.

Further, we are loath to exercise declaratory jurisdiction where the sole issue in controversy neither presents any federal question nor

promotes any federal interest. Here, plaintiff seeks a declaration, pursuant to state law, that it does not owe any liability coverage under Defendant Josh Moyer's renters insurance policy in the underlying state court proceeding. Any judgment the court issues in this case would depend largely on applying well-settled principles of Pennsylvania law to the same factual occurrences that gave rise to the state-court suit. Plaintiff does not ask us to resolve questions of federal statutory or constitutional law which we might be peculiarly qualified to answer.

A state court can as easily answer these questions as we can, and there is no need to resort to a federal forum to do so. See Summy, 234 F.3d at 136 (finding that "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum"). As the Third Circuit Court of Appeals has explained,

> The state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum. When state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts. Unusual circumstances may occasionally justify such action, but declaratory judgments in such cases should be rare.

Id. Adding our opinion to those of the state court in this case would make

9

the matter unnecessarily more complex.  Further, the complaint indicates that litigation is pending on the underlying matter.  Having this court settle a matter of contract interpretation would require an inquiry into the facts of that case, and would represent an inefficient allocation of judicial resources.

**Conclusion**

Accordingly, our interest in comity and respect for judgments of state courts compels us to use our discretion to decline to exercise jurisdiction in this case.  Moreover, the matter before this court is one of contract interpretation under state, rather than federal, law.  No unique questions of federal law exist, and this court's expertise is not necessary for a just outcome in the case.  The parties' claims can be better addressed in state court.  The court will therefore *sua sponte* dismiss this action without prejudice to the plaintiff seeking relief in state court.  An appropriate order follows.

**BY THE COURT:**

**Date: 3/13/2015**           **s/ James M. Munley**
                              **JUDGE JAMES M. MUNLEY**
                              **United States District Court**